

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
~~~~~~~~~~~~~~~~~RD
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. 0-4888
Re: Payment of 50% of State ad
valorem taxes of San Jacinto
and Walker Counties donated to
San Jacinto River Conservation
and Reclamation District by
H. B. 1079, Acts 46th Legis-
lature upon decision by Texas
Supreme Court that S. B. 89,
Acts 46th Legislature remit-
ting all State ad valorem taxes
of said counties is unconsti-
tutional.

Dear Sir:

        Senate Bill No. 89, Acts 1939, 46th Legislature provided that
so much of the State ad valorem taxes in ten east Texas counties, including
San Jacinto and Walker Counties, should be donated to the respective
counties as might be necessary to reimburse said counties for the loss of
tax revenues occasioned by the purchase of large acreage of cut over
timber lands by the Federal Government in said counties.

        House Bill No. 1076, Acts 1939, 46th Legislature provided for
the donation of fifty per cent of the State ad valorem taxes in San
Jacinto and Walker Counties and part of Liberty County, for ten years from
September 1, 1939, to the San Jacinto River Conservation and Reclamation
District, and said Act contained the following provision:

        ". . . provided, however, that the taxes herein donated and
    granted in the Counties of Walker and San Jacinto shall not apply,
    nor be allocated or donated in this Act, until the provisions of
    Senate Bill No. 89, passed at the Regular Session of the Forty-
    sixth Legislature, become inoperative . . . . "

        Senate Bill No. 89 was made inoperative by the decision of the
Commission of Appeals of Texas in the case of State v. Angelina County,
et al, 136 Tex. 247, 150 S.W. (2d) 379, wherein the Court held said Act
to be unconstitutional.

. You advise us that the Tax Assessor-Collectors of San Jacinto and Walker Counties have since September 1, 1939, remitted all of the State ad valorem taxes from these two counties to you, and that the same have been deposited in the State Treasury. You inquire "what procedure shall be followed in remitting to such districts the taxes that have been paid into the State Treasury?"

It is our opinion that the donation of 50% of State ad valorem taxes from San Jacinto and Walker Counties to the San Jacinto River Conservation and Reclamation District as provided by H. B. No. 1076 is a valid exercise of legislative authority. Brazos River Conservation and Reclamation District v. McCraw, 126 Tex. 506, 91 S.W. (2d) 665. When S. B. 89 was declared unconstitutional, 50% of the State ad valorem taxes collected in San Jacinto and Walker Counties should have been paid to the treasurer of the San Jacinto River Conservation and Reclamation District as provided by H. B. No. 1076. Such payment should hereafter be so made.

But as to the moneys heretofore paid into the State Treasury-- though erroneously--these cannot now be withdrawn and paid over to the San Jacinto Conservation and Reclamation District without a specific appropriation by the Legislature authorizing such payment. Manion v. Lockhart, 131 Tex. 175, 114 S.W. (2d) 216.

APPROVED NOV. 20, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ B.W.B. CHAIRMAN

ld-ds

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
    Walter R. Kock
        Assistant